Curia, per

Evans, J.
This is a question of costs, and must be decided by the fee bill. It is said the plaintiffs’ land could only be located by the surrounding tracts, and that therefore the location and delineation of these on the plat was indispensable to the understanding of the plaintiffs’ claim : accordingly, the surveyor has represented and laid down on his plat *all these surrounding tracts, as well as those under which the parties claimed. For each of these tracts of land the surveyor claims to be allowed ten shillings, and the question submitted to this Court is, whether such allowance is consistent with the fee bill. The words of the fee bill of 1791 are, “for making out a fair plat, certifying, signing and returning the same, ten shillings ” The rule of Court in this, as in other cases, I presume, required the surveyor to survey the land in dispute between the parties, and to return a plat thereof to the Court. The plat which he is required to make is a representation of the disputed land. The boundaries, whether they be marked trees, water courses, or surrounding tracts of land, are but component parts of the plat he is required to make. They are but the evidences of the identity of the land claimed ; and I can see no more reason for allowing additional compensation where the boundary is an adjoining survey, than where it is a river or creek, or any other natural or artificial boundary. It is his duty to search out the lines of the land, and when he has done so and fixed the location, to return a plat thereof to the Court. For searching for the lines he is allowed three dollars a day, and for a plat of the land he is allowed ten shillings. Every thing beyond the representation of the land in dispute is inserted as the evidences of identity. If the boundary be identified by marked trees, he puts them down on the plat; if by a river, he does the same ; and if by the adjoining survey, he represents that on his plat; but these are put down only as evidences of the identity and true location of the land. They are component parts *50 of the plat, but all put together make but a plat of the land. For these reasons, I am of opinion that the surveyor cannot be allowed for those separate tracts represented on the plat, which was no part of the land claimed by the parties, and put down on the plat only as boundaries or evidences of identity. In these cases the plaintiffs claim under two grants. These are both represented on the same paper, and also a grant or grants conflicting with those upon which the defendants rely. For each of these I am of opinion the surveyof may be allowed to charge. Such seems to have been the opinion of the Court in the case of Sturgenecker vs. Marsh, (1 Bail. Rep. 592.) Upon reconsideration, I think the circuit decision made by myself, allowing the surveyor ten shillings as for one plat in each of the cases, was *wrong ; and the taxation of the cost must be reformed by the Clerk accordingly.
Allston, for the motion. Williams, contra.
The motion is dismissed as to the other ground.
The whole Court concurred.